IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GARY J. MARTINEZ, | ) | CIVIL NO. 16-00475 HG-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DENY PLAINTIFF'S REQUEST FOR |
| vs. | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| RAYMOND MABUS, SECRETARY OF | ) | |
| THE NAVY, AND JAMIE K. | ) | |
| KALOWSKY, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL[1]

Before the Court is Plaintiff's Request for Appointment of Counsel Under the Civil Rights Act of 1964: 42 U.S.C. § 2000e-5(f)(1)(B).  ECF No. 11.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  After careful consideration of the materials submitted by Plaintiff, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

BACKGROUND

Plaintiff Gary J. Martinez, proceeding *pro se*, filed a Complaint for Employment Discrimination on August 26, 2016,

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

against Raymond Mabus, Secretary of the Navy, and Jamie K. Kalowsky, Commander, Pearl Harbor Naval Shipyard.  ECF No. 1. Plaintiff, a 60 year-old Hispanic and American Indian male, alleges that Defendants unlawfully discriminated against him based on his race, color, national origin, age, and disability. ECF No. 1 at 5.  Specifically, Plaintiff alleges that Defendant discriminated against him in violation of Title VII of the Civil Rights Act of 1964.  See id. at 4.  Title VII prohibits employment discrimination based on "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Plaintiff also alleges that Defendant discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA").  See ECF No. 1 at 4.  Under the ADEA, it is unlawful to discriminate in employment against any individual who is at least 40 years old "because of such individual's age."  29 U.S.C. § 623; Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000).  Finally, Plaintiff asserts that Defendants discriminated against him under the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101 et seq.  ECF No. 1 at 4.  The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability."  42 U.S.C. § 12112(a).

## DISCUSSION

There is no constitutional right to the appointment of counsel in employment discrimination cases.  Ivey v. Bd. of

2

Regents of Univ. of Ala., 673 F.2d 266, 269 (9th Cir. 1982). Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1). "The decision to appoint counsel is left to the sound discretion of the district court." Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted). The court should consider the following three factors in determining whether to appoint counsel: "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Id. at 416-17 (citations omitted).

### A. Plaintiff's Financial Resources

First, Plaintiff has demonstrated that he does not have any financial resources. In his Application to Proceed Without Prepayment of Fees, Plaintiff stated that he receives $1,040.00 per month in disability and veterans benefits. See ECF No. 3. Additionally, Plaintiff stated that he has outstanding debts and monthly expenses in excess of $1,800.00. Id. The Court finds that Plaintiff's limited financial resources weigh in favor of appointing counsel.

### B. Plaintiff's Efforts to Obtain Counsel

Second, the Court will consider whether Plaintiff made "what can be considered a reasonably diligent effort under the

circumstances to obtain counsel." <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1319 (9th Cir. 1981).  Here, Plaintiff lists only one attorney in his Request for Appointment of Counsel that he has contacted.  <u>Id.</u> at 4.  Plaintiff states that he was unable to retain the attorney that he contacted because he could not afford the retainer fee.  <u>Id.</u> at 49.  While the Court recognizes that Plaintiff has made some effort to retain counsel, the Court notes that greater efforts could be made.  Accordingly, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel.  The Court therefore finds that this factor weighs against appointing counsel.

### C. The Merit of Plaintiff's Claim

Third, Plaintiff must show that his claim has "some merit."  <u>Bradshaw</u>, 662 F.2d at 1319.  For purposes of Plaintiff's Request for Appointment of Counsel, the Court will only examine Plaintiff's Title VII claims.  Here, Plaintiff attached to his Complaint the Final Agency Decision from the Department of the Navy Office of Equal Employment Opportunity.  <u>See</u> ECF No. 1-5.  The Final Agency Decision states that the Department of Navy Office of Equal Employment Opportunity determined that Plaintiff had failed to establish his claims for employment discrimination.  <u>Id.</u> at 8-9.

Plaintiff's Request for Appointment of Counsel is made

on a pre-printed form, which includes a section that asks Plaintiff for the reasons why he is questioning the prior agency determination.  See ECF No. 11 at 3.  Plaintiff's response reiterates some of the allegations of his Complaint and does not provide any basis for the Court to determine why Plaintiff thinks that the prior agency determination was in error.  In addition to the prior agency determination, the court may also consider the allegations in Plaintiff's Complaint in determining whether his claims have some merit.  See Bradshaw, 662 F.2d at 1319.  Although the Court has determined that Plaintiff's allegations are sufficient for purposes of proceeding in this action without prepayment of fees, there is no further information for the Court to consider in determining whether Plaintiff's claims have merit.  After carefully considering the prior agency determination and the allegations contained in the Complaint, the Court concludes that the third factor is neutral regarding appointment of counsel.

As noted above, the appointment of counsel in employment discrimination cases is discretionary, and there is no constitutional right to counsel.  As evidenced by his detailed Complaint, Plaintiff is able to gather and present crucial facts.  Plaintiff appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed *pro se*.  See Miljkovic v. Univ. of Haw., Civ. No. 09-00064 ACK-KSC,

5

2010 WL 346450 at *1 (D. Haw. Jan. 27, 2010) (citing <u>Castner v. Colo. Springs Cablevision</u>, 979 F.2d 1417, 1421 (10th Cir. 1992); <u>Darden v. Ill. Bell Tel. Co.</u>, 797 F.2d 497, 501 (7th Cir. 1986)). Further, Plaintiff should note that in most cases, the Court cannot expend public resources to provide plaintiffs with counsel.  <u>Id.</u>  Balancing all of the foregoing factors, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 15, 2016.

_____
Richard L. Puglisi
United States Magistrate Judge

**MARTINEZ V. MABUS, ET AL.; CIVIL NO. 16-00475 HG-RLP; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**