IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY J. MARTINEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>RAYMOND MABUS, Secretary of the Navy; and Commander JAMIE K. KALOWSKY, Captain of the Pearl Harbor Navy Shipyard,<br><br>    Defendants. | CIVIL NO. 16-00475 HG-RLP |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION, AS MODIFIED (ECF NO. 14)**

Plaintiff Gary J. Martinez has filed a lawsuit against Raymond Mabus, Secretary of the United States Navy, and Captain Jamie K. Kalowsky, Commander of the Pearl Harbor Naval Shipyard. Plaintiff, a 60 year-old Hispanic and American Indian male, alleges that Defendants unlawfully discriminated against him on account of his race, color, national origin, age, and disability in violation of federal law.

This matter comes before the Court pursuant to the Magistrate Judge's Findings and Recommendation to Deny Plaintiff's Request for Appointment of Counsel.

The Findings and Recommendation (ECF No. 14) are **ADOPTED** as the opinion and order of this Court, **AS MODIFIED**.

**STANDARD OF REVIEW**

A district court reviews those portions of a magistrate judge's findings and recommendation to which a party objects *de*

1

*novo*.  28 U.S.C. § 636(b)(1).  The district court may accept unobjected portions of the findings and recommendation if the court is satisfied that there is no clear error on the face of the record.  Stow v. Murashige, 288 F.Supp.2d 1122, 1127 (D. Haw. 2003); Abordo v. State of Haw., 938 F.Supp. 656, 658 (D. Haw. 1996).

## ANALYSIS

Plaintiff Gary J. Martinez ("Plaintiff") has filed, with the assistance of his wife, an Objection to the Magistrate Judge's Findings and Recommendation to deny Plaintiff's request for appointment of counsel.  (ECF No. 15).

**I. The Objection is Untimely**

Pro se litigants must abide by all court orders, the Local Rules, the Federal Rules of Civil Procedure, and other applicable rules and statutes.  LR 83.13; Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) (*per curiam*). Federal Rule of Civil Procedure 72 provides that objections to findings and recommendations must be filed within 14 days of being served with a copy.  Fed. R. Civ. P. 72(b)(2).

The Magistrate Judge's Findings and Recommendation was served on September 16, 2016.  The deadline for Plaintiff to file an Objection to the Findings and Recommendation was September 30, 2016.  Plaintiff filed his Objection on October 5, 2016, five days after the September 30, 2016 deadline.  Plaintiff's Objection is untimely.

Plaintiff appears to have been previously unaware of the necessity of complying with the Court's rules.  The Court will consider his untimely objections.

**II. The Magistrate Judge's Findings and Recommendation is Adopted**

A district court has discretion to appoint an attorney for pro se litigants in civil cases.  28 U.S.C. § 1915(e)(1).  There is no constitutional right to appointed counsel.  <u>Ivey v. Bd. of Regents of Univ. of Alaska</u>, 673 F.2d 266, 269 (9th Cir. 1982).  The Ninth Circuit Court of Appeals has indicated that the appointment of counsel in civil matters "is limited . . . to cases presenting exceptional circumstances."  <u>Theede v. Veterans Admin.</u>, 992 F.2d 1220, *1 (9th Cir. 1993) (citation omitted) (unpublished).

The Magistrate Judge found that (1) Plaintiff has limited financial resources; (2) Plaintiff contacted only one attorney prior to requesting appointed counsel; (3) the merits of Plaintiff's claim neither favor nor disfavor appointment of counsel; and (4) Plaintiff has shown the ability to articulate his claims pro se.

Plaintiff's objection to the recommendation to deny appointment of counsel is that he is disabled and "not medically capable to challenge the Defendants in Court."  (Pla. Obj. at p. 1, ECF No. 15).  In addition, Plaintiff states that his Complaint has merit.  (<u>Id.</u> at pp. 1-3).

Plaintiff's asserted disability is insufficient reason for

3

this Court to appoint counsel. While Plaintiff has provided a certificate from his doctor stating that he suffers from anxiety and Post Traumatic Stress Disorder, (Ex. 1 of Pla. Obj., ECF No. 15-1), he has demonstrated an ability to articulate his claims. Plaintiff has also demonstrated that he is capable of gathering documents and other evidence in support of his claims. (See Enclosures A-G of Complaint, ECF No. 1). The Ninth Circuit Court of Appeals has indicated that absent evidence that a disability significantly interferes with a plaintiff's ability to prosecute his case, the mere fact that a plaintiff has a disability does not warrant appointment of counsel. Olson v. Smith, 609 F. App'x 370, 373 (9th Cir. 2015), *cert. denied*, 136 S.Ct. 1165 (2016); Signorelli v. Hughes, 363 F. App'x 455, 456 (9th Cir. 2010).

Plaintiff's objection does not add any new information that would change the Magistrate Judge's Findings and Recommendation. Plaintiff has contacted only one attorney prior to filing the request for appointment of counsel. As the Magistrate Judge indicated, greater efforts to retain counsel must be made. Plaintiff has not made a reasonable effort, under the circumstances, to obtain counsel.

**III. Plaintiff's Request for a Hearing**

Plaintiff requests a hearing concerning his Objection to the Findings and Recommendation.

District of Hawaii Local Rule 7.2 provides that objections to a magistrate judge's findings and recommendation "shall be

4

non-hearing motions to be decided on submissions." LR 7.2(e). The Court finds no basis for a hearing in this instance.

    Plaintiff's request for a hearing is **DENIED**.

### IV. Plaintiff's Request for a Modification of the Procedure as to Service of Process

    Plaintiff requests that the Court modify the procedure for service of process and provide copies of the relevant documents necessary for service of process to the United States Marshals Service.

    The United States Marshals Service provided to Plaintiff specific instructions regarding the necessary document packets he needs to submit to them, so as to execute service of process pursuant to Fed. R. Civ. P. 4(i)(2). (Memo. to Pla., Ex. 6 of Pla. Obj., ECF No. 15-6). The Court cannot assist Plaintiff in complying with the rules of service of process.

    Plaintiff's request to modify the procedure as to service of process is **DENIED**.

<u>**CONCLUSION**</u>

    Pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the Magistrate Judge's Findings and Recommendation (ECF No. 14) are **ADOPTED** as the opinion and order of this Court, **AS MODIFIED**: on page 4, paragraph 1, line 4, replace "<u>Id.</u> at 4." with "ECF No. 11 at 4."

    Plaintiff's request for a hearing regarding his Objection to the Findings and Recommendation is **DENIED**.

Plaintiff's request to modify the service of process procedure is **DENIED**.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, October 14, 2016.



_____
Helen Gillmor
United States District Judge